**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

WILLIAMS LAZARO GONZALEZ GARCIA,

    Petitioner,

    v.                                         No. 2:26-cv-00483-SMD-KK

MARY DE ANDA-YBARRA, *et al.*,

    Respondents.

## ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner's Petition for Writ of Habeas Corpus (Doc. 1). The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons set forth below, the Petition is **GRANTED** in part.

### BACKGROUND

On December 24, 2023, Petitioner Williams Lazaro Gonzalez Garcia, a citizen of Cuba, entered the United States near Juárez and voluntarily surrendered to the United States Border Patrol. Doc. 1 at 1. Following a positive credible fear determination, Petitioner was released on an Order of Release on Recognizance. *Id.* Petitioner then filed an application for asylum and withholding of removal while pursuing adjustment of status under the Cuban Adjustment Act. *See* Doc. 2 at 12. Notably, Petitioner's Notice to Appear in 2023 did not designate him as an "arriving alien." *See id.* at 14.

Following his initial release, Petitioner had been reporting to the Intensive Supervision Appearance Program ("ISAP") office as required. Doc. 1 at 1. On November 11, 2025, Petitioner's assigned Immigration and Customs Enforcement ("ICE") officer directed him via text to report again the following day. *Id.* Upon appearing as requested, Petitioner was arrested without

a warrant or explanation. *Id.* His wife, Madelaine Soto Diaz, was also detained, and the couple was transferred to the Otero County Processing Center, where Petitioner's wife was found to be pregnant. *Id.* An immigration judge denied their applications for asylum and adjustment under the Cuban Adjustment Act, ordering both removed to Ecuador. *Id.*

Petitioner challenges his ongoing detention and seeks immediate release, asserting that his continued detention violates the Fifth Amendment Due Process Clause. *Id.* at 2.

## DISCUSSION

This Court has jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A district court may grant a writ of habeas corpus to a petitioner who demonstrates that "[h]e is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3).

I.    Statutory Framework: 8 U.S.C §§ 1225 and 1226

Sections 1225 and 1226 govern the detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287–89 (2018). Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States"—i.e., "applicants for admission." *Id.* at 297. Detention pursuant to § 1225(b)(2)(A) is required "if the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted." Noncitizens detained pursuant to § 1225(b)(2) cannot be released on bond.

Section 1226(a) sets the "default rule" for detaining noncitizens "already present in the United States." *Jennings*, 583 U.S. at 303. Under § 1226(a), a noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." Noncitizens detained pursuant to § 1226(a) are therefore generally entitled to individualized bond hearings. *See id.* at 306.

Sections 1225(b)(2)(A) and 1226(a) are mutually exclusive in that both provisions cannot simultaneously govern Petitioner's detention. *E.g.*, *Romero v. Hyde*, 795 F. Supp. 3d 271, 286 (D. Mass. 2025); *see also, Patel v. Crowley*, No. 25-cv-11180, 2025 WL 2996787, at *5 (N.D. Ill. Oct. 24, 2025); *Artiga v. Genalo*, No. 25-cv-5208, 2025 WL 2829434, at *4 (E.D.N.Y. Oct. 5, 2025).

Section 1226(a), rather than § 1225(b)(2), governs Petitioner's detention because he was "already present in the United States" at the time of his arrest. *Jennings*, 583 U.S. at 303. Petitioner has resided in the United States since December 24, 2023 and attended routine check-in appointments with immigration authorities. Doc. 1 ¶¶ 45, 49. He is therefore not subject to the mandatory detention provisions of § 1225, which apply to those seeking admission, specifically noncitizens who present at a port of entry or are apprehended immediately after entering. Notably, Petitioner's Notice to Appear dated December 30, 2023 did not designate him as an "arriving alien." *See* Doc. 2 at 15. Petitioner is instead entitled to a bond hearing under § 1226(a). *See Aragon v. Noem*, No. 2:26-CV-00065, 2026 WL 458449, at *2 (D.N.M. Feb. 18, 2026); *Cortez-Gonzalez v. Noem*, ___ F. Supp. 3d ___, 2025 WL 3485771, at *3 (D.N.M. Dec. 4, 2025); *Velasquez Salazar v. Dedos*, No. 1:25-cv-00835-DHU-JMR, 2025 WL 2676729, at *4 (D.N.M. Sept. 17, 2025); *Pu Sacvin v. De Anda-Ybarra*, No. 2:25-cv-01031-KG-JFR, 2025 WL 3187432, at *3 (D.N.M. Nov. 14, 2025); *see also Figuera v. Ripa*, No. 26-CV-20307-JB, 2026 WL 467569, at *5 (S.D. Fla. Feb. 19, 2026); *Wuilmer v. Noem*, No. 25-CV-3236 (NEB/JFD), 2026 WL 458457, at *3 (D. Minn. Feb. 18, 2026); *Villatoro v. Ripa*, No. 2:26-CV-00213-SPC-DNF, 2026 WL 452432, at *1 (M.D. Fla. Feb. 18, 2026).

II.    The Government's Detention of Petitioner Violates His Fifth Amendment Rights

The Court finds that Petitioner's continued detention violates his Fifth Amendment rights. Courts analyze due process claims in two steps: the first asks whether there exists a protected

3

liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *Garcia Domingo v. Castro*, 806 F. Supp. 1246, 1251–52 (D.N.M. Oct. 15, 2025) (citing *Ky. Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). Though the Government "may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings," that "limited period" cannot be indefinite. *Demore v. Kim*, 538 U.S. 510, 527 (2003). As the length of detention stretches on, an individual's due process interests escalate and the government's burden to justify continued detention mounts. *Id*. at 529; *Jennings*, 583 U.S. at 310–11; *Mohamed v. Sec'y Dep't of Homeland Sec.*, 376 F. Supp. 3d 950, 957 (D. Minn. 2018).

The Government has offered neither a justification nor a formal process for the deprivation of Petitioner's protected liberty interest. ICE detained Petitioner during a routine check-in appointment, effectively penalizing the very compliance the agency required. Doc. 2 at 6. Petitioner alleges he appeared as ordered by an ICE officer, only to be arrested upon arrival without a warrant or a stated reason. Petitioner's attendance at prior check-in appointments established a pattern of compliance, which created a reasonable expectation of continued liberty. The combination of authorized release and consistent attendance of check-in appointments creates a constitutionally protected interest that cannot be revoked without providing due process of law. While the Court recognizes that release on one's own recognizance does not constitute legal

authorization to remain in the country and is generally revocable, any such revocation must still comport with constitutional procedural safeguards.

The United State's power to admit or exclude aliens is no longer plenary once an alien enters the country, because the Due Process Clause applies to "all persons." *See Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("Once an alien gains admission to our country and begins to develop the ties that go with permanent residence his constitutional status changes accordingly."). Petitioner possesses a protected liberty interest in remaining free from detention and was deprived of that interest without constitutionally adequate process.

The Government concedes that the material facts of this case are similar from those in *Martin Ramirez v. Noem*, No. 2:26-cv-00063-SMD-GJF, 2026 WL 381869, at *7 (D.N.M. Feb. 11, 2026). *See* Doc. 9 at 2. Furthermore, the Government acknowledges that *Martin Ramirez* controls the outcome here should the Court adhere to that precedent. *See id.* Because Respondents have offered no independent legal basis for continued custody, Petitioner is entitled to relief pursuant to § 2241. *See Martin Ramirez*, 2026 WL 381869; *Cortez-Gonzalez*, 2025 WL 3485771, at *3.

III.    <u>The Scope of Relief is Limited to Petitioner and Does Not Extend to Non-Parties</u>

In addition to seeking his own immediate release, Petitioner requests that the Court release his wife and child. *See* Doc. 1 at 2. Petitioner further files a Motion to Stay Removal on behalf of his wife, Madelaine Soto Diaz. *See* Doc. 4 at 1. Although the motion is drafted in Ms. Diaz's voice, it is signed solely by Petitioner. It appears Petitioner is seeking a stay of removal exclusively for his wife, who has received a notice of deportation to Ecuador, rather than for himself. *See id.* Regardless of who signed the motion, Petitioner's wife is not a party to this proceeding. As a non-party, she cannot seek relief within this case.

This Court cannot grant either requested relief regarding his wife. "Non-attorney pro se litigants cannot represent other pro se parties." *See* 28 U.S.C. § 1654 ("parties may plead and conduct their own cases personally or by counsel"). *Perry v. Stout*, 20 F. App'x 780, 782 (10th Cir. 2001). Because Plaintiff cannot seek remedies on behalf of a non-party, the Court need not address whether it has jurisdiction to stay a removal order following the grant of a habeas petition. The relief provided in this Order applies only to Petitioner. Accordingly, the Motion to Stay Removal as to Petitioner's wife is denied.

**CONCLUSION**

It is hereby **ORDERED**:

1) The Petition for a Writ of Habeas Corpus (Doc. 1) is **GRANTED** in part as to Petitioner's release, and **DENIED** as to the release of his wife and child;

2) Respondents shall release Petitioner within 24 hours of this Order being entered;

3) Respondents shall facilitate Petitioner's transportation from the detention facility by providing all necessary identity and travel documents to return to his primary address;

4) Respondents **SHALL** file a notice of compliance within two business days of Petitioner's release. This notice must specify: (1) the date, (2) the time, and (3) the manner of departure (e.g., transport to a bus station, designated drop-off location, or other arrangements). Additionally, the notice must include (4) a description or copies of all discharge and travel documents provided to Petitioner at the time of release;

5) Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a);

6

6) Respondents **SHALL NOT** remove Petitioner to any third country to which he does not have a removal order without first providing him with constitutionally compliant procedures;

7) The Motion to Stay Removal (Doc. 4) is **DENIED**;

8) The Motion to Prevent Transfer (Doc. 3) is **DENIED** as moot;

9) The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**IT IS SO ORDERED**.

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**